CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOHN PATRICK DONOHUE,** | ) | **CASE NO. 7:12CV00073** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **vs.** | ) | |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | **By:  Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Respondent.** | ) | |

John Patrick Donohue, a Virginia inmate proceeding pro se, filed this petition for a writ

of habeas corpus, pursuant to 28 U.S.C. § 2254.  Donohue challenges the validity of his

confinement under his state court convictions related to child pornography.  Upon review of the

record, the court summarily dismisses the petition as untimely filed.

**I**

In October 2006, Donohue pleaded guilty in Campbell County Circuit Court to eleven

counts of distribution of child pornography and 26 counts of possession of child pornography.

The Court sentenced Donohue to a total of seventeen and a half years in prison for these

convictions.  Donohue appealed unsuccessfully to the Court of Appeals of Virginia and then to

the Supreme Court of Virginia, which refused his appeal on June 21, 2007.[1]

---

[1]   In his submissions, Donohue provides filing and decision dates for the state court appeals and
habeas corpus petitions, but his dates differ slightly from the dates given for these events on the Virginia
Courts Case Information website, which is publically accessible.  For the sake of historical accuracy, the
court has relied on the information provided by the website.  Moreover, the state courts' record dates are
more favorable to Donohue in the timeliness calculation than the dates he provides.
    A federal court may take judicial notice of factual information located in postings on
governmental websites in the United States.  See In Re Katrina Canal Breaches Consol. Litig., 533 F.
Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may
take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp.
2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites
are inherently authentic or self-authenticating).

Donohue filed his first state habeas petition in early April 2008 in Campbell County Circuit Court. (CL0800147-00)  Almost immediately, however, he wrote to the clerk's office and asked to withdraw that first petition, stating that he had left out some information.  The record reflects that this petition was voluntarily dismissed.  Donohue filed his second habeas petition in the Circuit Court on April 22, 2008, and the Court dismissed it on July 8, 2008. (CL08000152-00.)  Donohue states that he attempted to appeal, by sending his notice of appeal to the Circuit Court for forwarding to the Supreme Court of Virginia, but neither Court docketed this submission.

Donohue filed a third state habeas petition in the Circuit Court in late April 2009, and the Court dismissed it on June 29, 2009. (CL0900187-00.)  Donohue filed his fourth state habeas petition in the Circuit Court on March 10, 2011. (CL11000110-00.)  The Court dismissed this petition on April 7, 2011, under Virginia Code Ann. § 8.01-654(A)(2) as untimely and under § 8.01-654(B)(2) as successive. (ECF No. 1, pp. 41-42.)  Donohue appealed this disposition to the Supreme Court of Virginia, which refused his appeal on September 23, 2011. (Id., p. 49.)

On February 12, 2012, Donohue executed his § 2254 petition.  Although his petition does not set out numbered grounds for relief, Donohue alleges that counsel was ineffective because he:  failed to conduct a proper investigation or possess the evidence of pornography; failed to consult with Donohue or show him the pornography that was the basis for the criminal charges and then lied to the Court by saying Donohue had seen the material; failed to invoke Donohue's speedy trial rights; failed to subpoena witnesses who would have offered mitigating evidence; and failed to advise Donohue of his rights.  Donohue also alleges that police threatened him and his family and turned off the tape recorder at times while interviewing Donohue; and that he felt coerced and trapped into entering a guilty plea.  Donohue asserts that the material he possessed

and distributed did not meet the statutory definition of illegal child pornography, and the court discouraged him from withdrawing his guilty plea by advising him that by doing so, he would go directly to a jury trial.

The court filed Donohue's § 2254 petition conditionally, notified him that it appeared to be untimely filed under 28 U.S.C. § 2244(d)(1), and granted him an opportunity to submit any additional information or argument concerning this issue.   Donohue submitted additional information about his post-conviction proceedings (ECF Nos. 5 & 6).   Even considering Donohue's additional material, however, the court concludes that his § 2254 petition must be dismissed as untimely filed.

## II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation.  28 U.S.C. § 2244(d)(1).  Generally, this period begins to run from the date on which the judgment of conviction becomes final when the petitioner has exhausted his opportunities to seek direct review.   See 28 U.S.C. § 2244(d)(1)(A).[2]  Under 28 U.S.C. § 2244(d)(2), however, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or

---

[2]  Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

other collateral review" is "pending."  If the district court gives the defendant notice that the

petition appears to be untimely and allows him an opportunity to provide any argument and

evidence regarding timeliness, and the defendant fails to make the requisite showing, the district

court may summarily dismiss the petition.  See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir.

2002).

      After reviewing all of Donohue's submissions, the court concludes that he did not file his

§ 2254 petition within the one-year filing period prescribed by § 2244(d).  The Supreme Court of

Virginia dismissed Donohue's direct appeal on March 10, 2007.  Donohue then had ninety days

to file a petition for a writ of certiorari in the United States Supreme Court.[3]  As Donohue did not

file for certiorari, his Campbell County convictions became final under § 2244(d)(1)(A) on

September 21, 2007, and his one-year period to file a § 2254 petition began to run.  Donohue

allowed 214 days of that period to elapse before filing his state habeas petition on April 22,

2008, which tolled the federal filing period.[4]  When the Circuit Court dismissed Donohue's

petition on July 8, 2008, and his appeal to the Supreme Court of Virginia was not properly filed,

the federal filing period began running again and expired on December 8, 2008.

      Donohue filed his § 2254 petition on February 12, 2012 at the earliest, more than three

years after the filing period expired.  Donohue's third and fourth state habeas petitions, filed in

April 2009 and March 2011 after the filing period under § 2244(d)(1)(A) expired, did not toll the

filing period under § 2244(d)(2) or otherwise affect the timeliness of Donohue's federal petition.

Donohue also does not allege any grounds on which his federal filing period could be calculated

---

[3]  See Rules of the Supreme Court of the United States, Rule 13(1) (time to file petition for writ of certiorari expires 90 days after entry of final judgment by highest state court).

[4]  Because Donohue voluntarily withdrew the initial state habeas petition he submitted to the Circuit Court earlier in April 2007, that petition was not properly filed for purposes of tolling the federal filing period under § 2244(d)(2).

under any other subsection of § 2244(d)(1).   Thus, the court concludes that Donohue failed to file his § 2254 petition within one year as required under § 2244(d).

An otherwise time-barred petitioner may prove entitlement to equitable tolling of the filing period if he demonstrates exceptional circumstances that prevented him from filing on time and shows that he has been duly diligent.  Pace v. DiGuglielmo, 544 U.S. 408, 418, and n. 8 (2005).  Generally, an inmate's pro se status and ignorance of the law are not sufficient grounds to justify equitable tolling, because these are not factors outside the inmate's control.  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Donohue states that conditions at Red Onion State Prison prevented him from filing his § 2254 petition on time.  For months, the law library has been short-staffed, which has delayed Donohue's access to legal materials, including federal habeas corpus forms.  Red Onion also supplies indigent inmates with only a limited amount of mailing supplies, which hinders Donohue's ability to mail his materials to the court, because he also has other legal cases pending.  The court cannot find these temporary difficulties in obtaining legal materials and mailing supplies are sufficient to warrant equitable tolling in this case, when the petitioner delayed filing his § 2254 petition more than four years after his conviction became final.  For the same reason, Donohue has not demonstrated due diligence as required to invoke equitable tolling.

For the reasons stated, the court dismisses Donohue's petition without prejudice as untimely filed.[5]

---

[5]  If a habeas petitioner fails to demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case, the district court must dismiss his petition.  See Hill, 277 F.3d at 707.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER:  This  30th day of April, 2012.

_____
Chief United States District Judge

6